[452] JENNINGS V. MOSS.

Where the plaintiff alleged that he was the holder and legal owner of a note, which is in the following words, giving a copy of the note, which was signed with a name corresponding exactly with the name of the defendant, and then alleged that the note was unpaid, and prayed judgment: *Held*, That the petition was insufficient for want of an allegation that the defendant made the note. (Note 95.)

Where a demurrer to the petition is sustained, the plaintiff should be permitted to amend.

The statutory prohibition of amendment after the parties have announced themselves ready for trial must be understood only of an announcement of readiness for trial upon the issues of fact, and not upon the issues of law, which must first be disposed of. Any other construction would render nugatory and unmeaning the provision of the statute which secures the right of amendment. (Note 96.)

The settled and uniform practice of the courts of justice of this country has been, in rendering final judgment in favor of the defendant, to adjudge *the costs of the suit* against the plaintiff.

Appeal from Nacogdoches. The appellant filed his petition in the District Court, as follows:

"The petition of Thomas J. Jennings, a citizen of Nacogdoches county, against Marcellus Moss, a transient person, showeth that your petitioner is the holder and legal owner of a note, which is in the following words and figures, to wit:

"'$200. On the first day of October next I promise to pay Francis W. Brewer or bearer two hundred dollars for value received. This note is given in part for purchase of a negro boy. Witness my hand and seal. this the 7th of February, 1846. MARCELLUS MOSS.'

"Your petitioner would further represent that the said Moss has never paid said sum of money specified in said promissory note to the said Brewer before it was transferred to your petitioner, nor has the said Moss ever paid the said sum of money to your petitioner since he has become the holder and owner of said note," &c.

## Jennings v. Moss.

There was a demurrer, which was sustained. The case was [**453**] dismissed and the plaintiff adjudged to pay the costs; from which judgment he appealed.

*Ardrey*, for appellant.

I. The petition was sufficiently certain to inform the defendant of what he was called upon to answer. The note was copied into the petition. (Dewees *v.* Lockhart, 1 Tex. R., 535.) It contained a statement of the names of the parties, their residence, and the cause of action.

II. The judgment is erroneous, inasmuch as it embraces both the costs of the defendant and plaintiff. The common law gave no costs, and the statute of Gloucester, 6 Ed. I, gave them only when damages were recoverable at common law. (4 Wash. C. C. R., 107; Bell *v.* Bates, 3 Ham. R., 380; 2 Yerg. R., 578; 1 Litt. R., 247; 2 Mass. R., 512.) The defendant can only recover against plaintiff his costs which he has expended in the prosecution of the suit to the officers of court and his witnesses. (Acts of 1846, p. 394, sec. 122.) For the fees of office due from the plaintiff to the officers of court and to his witnesses there is a distinct and complete remedy. (Acts of 1848, p. 309, secs. 21, 23.)

WHEELER, J. The objection to the sufficiency of the petition is that there is no averment that the defendant made or executed the note set out in it. The liability of the defendant must depend upon the fact of his having made the note. But this fact is nowhere alleged. There is no averment of any fact connecting the defendant with the note sued on. There is no privity of contract shown, and without it there can be no right of action. To have shown a right of action, the plaintiff must have alleged a title in himself and some act of the defendant creating a legal liability on his part. It is not enough that the plaintiff is the owner of the note sued on; it must also appear that the defendant is liable upon the note. This liability can only appear by averment. But there is no averment of any fact from which the legal inference of the liability of the defendant can be drawn.

[**454**] Had there been an allegation that the note was made or signed by the defendant, or any equivalent allegation, the petition would doubtless have been sufficient. But without such an averment it is clear that it discloses no cause of action, and the demurrer was rightly sustained.

If, when the petition of the plaintiff was adjudged insufficient, he had asked leave to amend, that right would doubtless have been accorded to him; or, if refused, a remedy would have been afforded by appeal. The statutory prohibition of amendment after the parties have announced themselves ready for trial must be understood only of an announcement of readiness for trial upon the issues of fact, and not upon the issues of law, which must first be disposed of. Any other construction would render nugatory the provision of the statute which secures the right of amendment.

But the plaintiff not having asked leave to amend, but having rested on his insufficient pleading, this court can afford him no relief.

We do not deem it necessary to enter upon a discussion of the remaining objection. If the settled, uniform practice of this and every other court which has been constituted to administer the justice of this country may be regarded as having settled any question, it certainly has settled that it is competent, in rendering judgment final in favor of the defendant, to adjudge the costs of the suit against the plaintiff.

Judgment affirmed.

NOTE 95.—Frazier *v.* Todd, *post.* 461; Ross *v.* Breeding, 13 T., 16; Blount *v.* Ralston, 20 T., 132; Gray *v.* Osborne, 24 T., 157; Sneed *v.* Moodie, 24 T., 159; Thigpen *v.* Mundine, 24 T., 282; Fortune *v.* Kerr, 25 T. Supp., 309; Barnard *v.* Moseley, 28 T., 543; Moody *v.* Benge *et al.*, 28 T., 545; Parr *v.* Nolen, 28 T., 798; Gilder *v.* McIntyre, 29 T., 89; Colbertson *v.* Beeson, 30 T., 76.
NOTE 96.—Croft *v.* Rains, 10 T., 520; De Witt *v.* Jones, 17 T., 620.